**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Fox,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Michael Butler, et al.,<br><br>　　　　　Defendants. | No. CV-24-00327-TUC-CKJ (P)<br><br>**ORDER** |

On September 5, 2024, the Court screened a civil rights Complaint filed by the Plaintiff on July 8, 2024, and dismissed the action without leave to amend because Plaintiff's claims were time barred by a two-year statute of limitations. (Order (Doc. 4) at 4.) On October 22, 2024, the Plaintiff filed a Motion for Reconsideration. Such motions must be filed "no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2(g)(2). The Motion for Reconsideration was filed approximately 47 days after the screening Order. In addition to the requested reconsideration being filed beyond 14-days, the motion fails on the merits.

Plaintiff asks the Court to reconsider its Order and toll the two-year statute of limitation period because circumstances beyond Plaintiff's control severely limited his ability to file the claims within two years of when they accrued. The claims in his two-count Complaint are as follows:

> Plaintiff alleges that on May 23, 2019, he was indicted in Pima County Superior Court case number CR 20192245. At the time, he was in federal custody for a probation violation. Plaintiff was transported to the Pima County Jail. On July 3, 2019, Plaintiff had an initial appearance during which

>a $10,000 bond was imposed. Bond was posted the same day, however Plaintiff was not released due to the federal detainer related to his probation violation.
>
>On January 14, 2020, Plaintiff was released from federal custody. Despite being eligible for release from detention, Plaintiff was detained in the Pima County Jail from January 14 to 23, 2020. On January 16, 2020, Plaintiff, through a petition filed by his attorney, informed the Pima County Superior Court of his release from federal custody. Defendants Butler and Brown "either authorized or failed to prevent the unlawful detention."

(Order (Doc. 4) at 2.)

In his Motion for Reconsideration. Plaintiff submits that restrictive conditions of Intensive Probation Supervision (IPS), such as his residency in a halfway house and limitations including traveling only to and from work, probation meetings and other pre-approved locations, "left no time to visit the courthouse or legal resources during operational hours." (Motion (Doc. 6) at 4.) Halfway-house residency imposed additional curfew and responsibility related restrictions, which if violated could have resulted in severe penalties including incarceration. *Id*. at 1, 4-5. Additionally, his ability to access the courthouse and other legal resources was restricted because of the COVID-19 pandemic. *Id.* at 2-3, 5.

In § 1983 civil rights actions, federal courts apply "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Butler v. Nat'l Cmty. Renaissance of Cal*., 766 F.3d 1191, 1198 (9th Cir. 2014) (citation omitted).

Outside of narrow statutory provisions not applicable in this case, a Plaintiff seeking equitable tolling under Arizona law must "establish extraordinary circumstances" that were "beyond [the plaintiff's] control" and "made it impossible to file the claims on time." *McCloud v. Ariz. Dep't of Pub. Safety*, 170 P.3d 691, 696-97 (Ariz. App. 2007) (finding that equitable tolling could be applied "sparingly" to "certain rare cases," such as when an attorney has "suffered a significant incapacitating disability"); *see Porter v. Spader*, 239 P.3d 743, 747 (Ariz. App. 2010) (a defendant's affirmative acts of fraud or concealment that mislead a person from recognizing a legal wrong or timely seeking legal redress warrant equitable tolling); *Kyles v. Contractors/Eng'rs Supply, Inc*., 949 P.2d 63, 66-67

(Ariz. App. 1997) (equitable tolling applied where the Attorney General's Office mailed the plaintiff a right-to-sue notice with the incorrect filing deadline). The Supreme Court has also found that federal courts "have typically extended equitable relief only sparingly," such as when a claimant "has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.").

The plaintiff bears the burden to establish equitable tolling by showing diligent pursuit of his rights and the presence of extraordinary circumstances. *McCloud*, 170 P.3d at 694, 696, 698 (holding that the trial court did not abuse its discretion in failing to find extraordinary circumstances that would warrant tolling the limitations period due to the attorney's surgery the day before the limitations period expired). Extraordinary circumstances must be supported with evidence, not simply with personal conclusions or assertions. *Id.* at 695.

Plaintiff makes neither showing and the Motion for Reconsideration fails. Plaintiff fails to describe in any specific way how the COVID-19 prevented him from drafting and filing the Complaint within two-years following his allegedly late release on January 23, 2020, from the Pima County Jail. The statute of limitations did not end until January 23, 2022, but Plaintiff offers no explanation as to what impediments would have precluded him from drafting and filing the Complaint within this allowed time. There was no investigation required; all the information contained in the Complaint, including the names of the Defendants, was known as of January 23, 2020. While the courthouse may have been closed, the court was available to Plaintiff, like it was available to all others, during the pandemic by mail and drop box. While some services, like in-person hearings, were restricted, the courthouse was not closed during the pandemic, and court services of the type that were restricted were not the type of services need by the Plaintiff to file his

Complaint. Plaintiff admits that IPS accommodated travel to "pre-approved locations" and does not say that he was denied permission to travel to any specified location that was necessary to enable him to draft and/or file the Complaint.

In short, Plaintiff's examples of extraordinary circumstances were the very circumstances faced by all persons during the pandemic and faced by all persons who are released from custody on IPS to halfway houses. Especially, considering the Plaintiff had two years, from January 23, 2020, until January 23, 2022, to file the Complaint, he fails to show any circumstances beyond his control that would have made it impossible to draft and file the Complaint within the statutory two-year period. He did not miss the limitation period by a few days or even months. He did not file the Complaint until July 8, 2024, approximately four years after the alleged claims arose. This is not the type of "rare case" for tolling the limitation period. There are neither extraordinary circumstances nor any diligence exhibited by the Plaintiff to preserve his legal rights.

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 6) is DENIED.

Dated this 28th day of January, 2025.

Honorable Cindy K. Jorgenson
United States District Judge